UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MELISSA EDWARDS            CIVIL ACTION NO. 6:15-cv-02535

VERSUS                               JUDGE DOHERTY

U.S. BANK NATIONAL ASSOCIATION   MAGISTRATE JUDGE HANNA
and OCWEN LOAN SERVICING, LLC

## REPORT AND RECOMMENDATION

Currently pending is the defendants' motion to dismiss the plaintiff's complaint. (Rec. Doc. 22). The motion is opposed, and oral argument was heard on June 28, 2016. The motion was referred to the undersigned Magistrate Judge for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be granted in part and denied in part.

## Background

The following factual information is set forth in the plaintiff's first amended complaint. (Rec. Doc. 19). On August 18, 2005, Melissa Edwards allegedly borrowed $95,200 from Accredited Home Lenders, Inc., secured by a mortgage on property located at 1534 Martin Luther King Drive, Ville Platte, Louisiana. The

mortgage states that the lender is Accredited Home Lenders, Inc. and that the mortgagee is Mortgage Electronic Registration Systems, Inc.  GMAC[1] allegedly became the servicer of the loan on or about November 16, 2005, and on January 1, 2010 allegedly notified the plaintiff that the loan was in default.  The plaintiff attributes the default to GMAC's failure to properly credit payments to her account and to GMAC's charging unowed fees against her monthly mortgage payments.

The plaintiff alleges that, on December 28, 2010, defendant US Bank National Association filed suit in the 13th Judicial District Court, Evangeline Parish, Louisiana, seeking to enforce the mortgage and note by executory process.  A notice of seizure and sale was issued on February 11, 2011, allegedly without notice to the plaintiff. GMAC then allegedly began discussing the possibility of a loan modification or forbearance with the plaintiff.

On July 21, 2011, the note and mortgage were allegedly assigned to defendant US Bank National Association as Trustee.[2]

---

[1]    The defendants suggest that the "GMAC" referred to in the plaintiff's complaint is GMAC Mortgage, LLC.

[2]    There is jurisprudential support for the proposition that, under Louisiana law, a suit for seizure and sale of real property subject to a mortgage can be brought by a party other than the mortgagee.  See *Castrillo v. American Home Mortgage Servicing, Inc.*, 670 F.Supp.2d 516, 525-26 (E.D. La. 2009).

-2-

On August 11, 2011, the plaintiff allegedly entered into a repayment agreement with GMAC, by which timely monthly payments in a certain amount would suspend the foreclosure.   The plaintiff claims that she sent the first required payment to GMAC in a timely manner, then sent a subsequent larger payment, which was returned to her, then returned that payment to GMAC, then continued making monthly payments as agreed.   She claims to have received a letter in April 2012, advising that her loan modification had been approved.   In July 2012, she claims to have received notice from GMAC that it would accept $30,000 to settle her loan account. But GMAC then allegedly filed for bankruptcy and stopped communicating with her.

Thereafter, the plaintiff allegedly began receiving billing statements from defendant Ocwen Loan Servicing, LLC and allegedly received telephone calls from Ocwen advising that she was in default, that Ocwen would not honor the $30,000 settlement offer, that no loan modification agreement existed, and that the plaintiff would have to pay more than $65,000 to reinstate her loan.

The plaintiff alleges that she sent a Qualified Written Request ("QWR") to Ocwen in September 2015, which Ocwen never acknowledged or answered.   Finally, the plaintiff alleges that she sent a check for $2,000.00 to the defendants on December 31, 2015 along with an offer to settle her loan account for that amount,

which was accepted by the defendants and constitutes full and complete settlement of her debt.

Based on these factual allegations, the plaintiff articulated two claims for declaratory relief, two breach of contract claims, a claim under the Fair Debt Collection Practices Act ("FDCPA"), a claim under the Truth in Lending Act ("TILA"), a claim under the Real Estate Settlement Procedures Act ("RESPA"), an unjust enrichment claim, and an accord and satisfaction claim.

In response to the plaintiff's complaint, the defendants argue that this Court has no subject-matter jurisdiction over this action and that the plaintiff has not stated a claim on which relief can be granted.

## Analysis

### A.    The Standard for Deciding a Motion to Dismiss

The defendants seek dismissal of the plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(1) governs challenges to a court's subject-matter jurisdiction, while a claim may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a claim upon which relief can be granted.  With regard to both rules, the well-pleaded factual allegations of the complaint are taken as true and viewed in the light most favorable to the plaintiff.[3]

---

[3]     *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

The defendants' Rule 12(b)(1) motion argues that the *Rooker-Feldman* doctrine deprives the court of subject-matter jurisdiction over this action.  This is a facial attack on jurisdiction because the defendants contend that the allegations of the plaintiff's complaint, standing alone and assumed to be true, are insufficient to establish the court's subject-matter jurisdiction.[4]  The defendants did not submit any affidavits, testimony, or other evidentiary materials in support of their Rule 12(b)(1) argument.

A federal court must consider a motion to dismiss pursuant to Rule 12(b)(1) before any other challenge because a court must have subject-matter jurisdiction before determining the validity of a claim.[5]  The party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exist.[6]  When, as in this case, the Rule 12(b)(1) motion to dismiss is based on the complaint alone, the court must decide whether the allegations in the complaint sufficiently state a basis for subject-matter jurisdiction.[7]

---

[4]     See *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (explaining that a facial attack on jurisdiction relies solely on the complaint while a factual attack on jurisdiction must be supported by affidavits, testimony, or other evidence).

[5]     *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

[6]     *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[7]     *Paterson v. Weinberger*, 644 F.2d at 523.

A Rule 12(b)(6) motion to dismiss for failure to state a claim is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[8]  When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[9]  The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[10]  However,

---

[8]      *Ramming v. United States*, 281 F.3d at 161.

[9]      *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  The term "pleadings" is defined in Fed. R. Civ. P. 7(b) as including the complaint, answers, and replies to answers.  Motions and memoranda supporting motions are not pleadings.  Instead, "a motion is defined in Rule 7(b) as 'a request for a court order.'"  *Burnett v. ARCCA Inc.*, No. 15-1214, 2016 WL 828151, at *4 (W.D. La. Feb. 25, 2016).  In ruling on a Rule 12(b)(6) motion, the court may not look beyond the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Thus, even though the defendants attached voluminous exhibits to their motion and memoranda, this Court cannot consider the content of those exhibits in resolving the pending motion.  Had the defendants presented its exhibits in a suitable summary-judgment style, i.e., supported by affidavit testimony, this Court could have exercised its discretion and converted the motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 12(d).  *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988).  Indeed, under Rule 12(d), "if matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56." (Emphasis added).  But "[w]henever a motion to dismiss is treated as a motion for summary judgment, the nonmovant is entitled to the procedural safeguards of Rule 56."  *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).  This Court finds that, in such a situation, the nonmovant is also entitled to the evidentiary safeguards of Rule 56.  Therefore, when the defendant fails to submit evidence in a manner suitable for consideration on a motion for summary judgment, as in this case, this Court declines to convert a motion to dismiss to a motion for summary judgment.

[10]      *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

conclusory allegations and unwarranted deductions of fact are not accepted as true,[11] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[12]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[13]   The allegations must be sufficient "to raise a right to relief above the speculative level,"[14] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[15]   "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[16]   If the plaintiff fails to

---

[11]   *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[12]   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[13]   *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[14]   *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[15]   *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

[16]   *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[17]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]   "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[19] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[20]

## B.  The Standard Applicable to Pro Se Filings

The plaintiff in this case is proceeding *pro se* and is therefore entitled to certain limited considerations.   *Pro se* plaintiffs often lack the legal training helpful in interpreting and applying the substantive and procedural requirements of the legal system.   Therefore, the Fifth Circuit has held that "[w]e give *pro se* briefs a liberal

---

[17]      *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[18]      *Ashcroft v. Iqbal*, 556 U.S. at 678.

[19]      *Ashcroft v. Iqbal*, 556 U.S. at 679.

[20]      *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556.  See also *In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir. 2008).

construction."[21]   However, "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'"[22]   *Pro se* plaintiffs are required to brief the issues and abide by all applicable procedural rules,[23] and a *pro se* plaintiff's ignorance of or unfamiliarity with court proceedings does not relieve her of this duty.[24]

## C.   <u>The *Rooker-Feldman* Doctrine Does Not Deprive the Court of Jurisdiction</u>

The defendants argue that the plaintiff's claims are a collateral attack on the state-court foreclosure proceeding.   Consequently, they argue that the court lacks jurisdiction over this action under the *Rooker-Feldman* Doctrine.

Under the *Rooker-Feldman* Doctrine, federal district courts have no jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[25]   Further, "federal district

---

[21]     *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012).

[22]     *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Christian Leadership Conference v. Supreme Court of the State of La*., 252 F.3d 781, 786 (5th Cir. 2001)).

[23]     See *Barfield v. Hunt Petroleum Corp*., 389 F. App'x 332, 333 (5th Cir. 2010).

[24]     See *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

[25]     *Exxon Mobil Corp. v. Saudi Basic Indus*., 544 U.S. 280, 284 (2005).

courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts."[26]  "[F]ederal courts have routinely applied the *Rooker-Feldman* doctrine in cases where a plaintiff has sought review of a state court foreclosure judgment."[27]  For example, when a plaintiff sued in federal court seeking to retain possession of her home following a state-court foreclosure proceeding, the federal court lacked subject-matter jurisdiction over her claim.[28]

In this case, however, the plaintiff does not seek to reverse a sheriff's sale, to retain possession of her home, or to invalidate a writ of seizure and sale.  Instead, she seeks to recover money damages.  Those damages were allegedly caused by the defendants' actions related to the foreclosure procedure but her lawsuit is not an attack on the foreclosure itself.  In fact, in her opposition brief, the plaintiff says: "Plaintiff never asked this Court, in any way, directly or indirectly, to interfere with the state court's executory foreclosure."  (Rec. Doc. 28 at 7).  The plaintiff is not seeking to nullify the state-court proceeding.  Therefore, this Court finds that the *Rooker-Feldman* Doctrine does not apply, and it is recommended that, to the extent

---

[26]     *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994)).

[27]     *Bombet v. Donovan*, No. 13-118-SDD-SCR, 2015 WL 1276555, at *4 (M.D. La. Mar. 19, 2015), appeal dismissed, No. 15-30356 (5th Cir. June 29, 2015).

[28]     *Magor v. GMAC Mortgage, L.L.C.*, 456 F. App'x 334, 336 (5th Cir. 2011).

the defendants' motion seeks dismissal of the complaint under Rule 12(b)(1), the motion to dismiss should be denied.

## D.   The Plaintiff's Declaratory Judgment Claims Should be Dismissed

The plaintiff asserted two declaratory judgment claims, the first having to do with her allegation that U.S. Bank failed to properly notify her of default before initiating the foreclosure proceeding and the second having to do with her allegation that U.S. Bank failed to properly apply payments or credits against her mortgage loan balance.

The defendants argue that the plaintiff has not stated a valid claim for declaratory relief.  The Fifth Circuit has articulated a three-step process for analyzing a suit seeking declaratory relief.  "A federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."[29]  The defendants argue that the first condition is not met in this case because the plaintiff has not established actual present harm or a significant possibility of future harm but has instead only alleged past harms.

---

[29]     *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 591 (5th Cir. 1994), *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003), citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

In making this argument, the defendants rely upon *Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003). In that case, the plaintiff sued a Texas state-court judge, seeking a declaratory judgment that a section of the Texas Probate Code is unconstitutional. In the past, the plaintiff had been the subject of guardianship proceedings, and the judge had appointed temporary guardians for her. In her suit, the plaintiff alleged that the Texas statute addressing the appointment of temporary guardians for incapacitated persons violated due process and equal protection rights because the standard of proof did not meet constitutional requirements. When she filed the suit, however, there was no such action pending. The court found that there was no controversy between the parties. The court said: "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future."[30] This Court finds the facts of this case and the *Bauer* case so different that *Bauer* provides little guidance with regard to the validity of the plaintiff's claims for declaratory relief.

However, this Court finds that there is an alternative basis for dismissal of the plaintiff's declaratory judgment claims under Rule 12(b)(6). "In the Federal Rule of Civil Procedure 12(b)(6) context, courts regularly reject declaratory judgment claims

---

[30]     *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003).

that seek resolution of matters that will already be resolved as part of the claims in the lawsuit."[31]   Claims for declaratory judgment that duplicate breach of contract claims are often dismissed.[32]   This is based on the principle that the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, does not create a substantive cause of action,[33] and federal courts consequently have broad discretion to grant or refuse declaratory judgment.[34]   "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[35]   Thus, a federal court is not required to declare rights when asked to do so.   "A request for a declaratory judgment need not be permitted if

---

[31]     *Flanagan v. Chesapeake Expl., LLC*, No. 3:15-CV-0222-B, 2015 WL 6736648, at *4 (N.D. Tex. Nov. 4, 2015).

[32]     See, e.g., *Regus Mgmt. Grp., LLC v. Int'l Bus. Mach. Corp.*, No. 07-CV-1799, 2008 WL 2434245, at *3 (N.D. Tex. June 17, 2008) (dismissing declaratory judgment claim as entirely repetitive and unnecessary); *Xtria LLC v. Tracking Sys., Inc.*, No. 07-CV-0160, 2007 WL 1791252, at *3 (N.D. Tex. June 21, 2007) (dismissing declaratory judgment action under Rule 12(b)(6) where it duplicated an existing breach of contract claim); *Assistmed, Inc. v. Conceptual Health Solutions, Inc.*, No. 05-CV-0880, 2006 WL 3691003, at *17 (N.D. Tex. Dec. 14, 2006) (same); *Albritton Props. v. Am. Empire Surplus Lines*, No. 04-CV-2531, 2005 WL 975423, at *2 (N.D. Tex. Apr. 25, 2005) (granting Rule 12(b)(6) motion dismissing counterclaim for declaratory judgment where the disputed issues were already pending before the court); *Kogul v. Xspediou Mgmt. Co.*, No. 04-CV-2518, 2005 WL 1421446, at *4 (N.D. Tex. June 1, 2005) (dismissing declaratory actions that sought resolution of matters already to be resolved in the ongoing lawsuit).

[33]     See *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir.1984) ( "The federal Declaratory Judgment Act ... is procedural only[.]").

[34]     *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991).

[35]     *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

-13-

it adds nothing to the suit."[36]  The jurisprudence is replete with examples of situations in which declaratory judgment claims were dismissed as duplicative of other claims.[37]

In this case, the plaintiff articulated two declaratory judgment claims.  In the first, she seeks declarations that U.S. Bank did not provide her with notice of default, that U.S. Bank consequently did not comply with the mortgage's requirement that such a notice be provided before acceleration, that a proper default notice was a condition precedent to foreclosure; and that U.S. Bank prematurely commenced foreclosure proceedings.  In her second declaratory judgment claim, she seeks a declaration that U.S. Bank did not properly apply credits to her mortgage account, that U.S. Bank consequently did not comply with the mortgage, that compliance with the mortgage was a condition precedent to foreclosure, and that U.S. Bank breached

---

[36]     *Merritt Hawkins & Associates, LLC v. Gresham*, No. 3:13-CV-00312-P, 2014 WL 685557, at *3 (N.D. Tex. Feb. 21, 2014).

[37]     See, e.g., *Henderson v. Paul Revere Life Ins. Co*., No. 3:11-CV-1992-D, 2013 WL 1875151, at *18 (N.D. Tex. May 6, 2013)("The court, in its discretion, declines to adjudicate Dr. Henderson's declaratory judgment claim. . . because it is duplicative of his state-law contract claim. . . ."); *Metcalf v. Deutsche Bank Nat'l Trust Co*., 2012 WL 2399369, at *9 (N.D. Tex. June 26, 2012) (noting that declaratory judgment action should be dismissed because it duplicated plaintiffs' quiet title claim); *Narvaez v. Wilshire Credit Corp*., 757 F. Supp. 2d 621, 636 (N.D. Tex. 2010) (declining to consider the plaintiff's request for declaratory judgment and granting summary judgment on it where the request was redundant and duplicative of his breach of contract claim); *Kougl v. Xspedius Mgmt. Co. of DFW, L.L.C*., 2005 WL 1421446, at *4 (N.D. Tex. June 1, 2005) (denying as redundant a declaratory judgment claim seeking contract interpretation where this would be resolved as part of breach of contract action).

its obligations by failing to properly apply credits to her loan account and charging unauthorized fees.

She also articulated two breach of contract claims.  The first one is that U.S. Bank breached its contractual obligation to provide notice of default before initiating foreclosure proceedings, and the second one is that U.S. Bank breached its contractual obligation to properly apply credits to her loan account.

The declaratory judgment claims are duplicative of the breach of contract claims.  Therefore, it is recommended that the motion to dismiss be granted with regard to the declaratory judgment claims.

**F.** **The Breach of Contract Claims**

In the original brief submitted in support of their motion to dismiss, the defendants' only basis for attacking the plaintiff's breach of contract claims was that the *Rooker-Feldman* Doctrine deprives this Court of jurisdiction over those claims. Having found the *Rooker-Feldman* doctrine inapplicable, there is no basis on which to find that the plaintiff has failed to state breach of contract claims  on which this Court can grant relief.

In their reply brief, the defendants argued for the first time that the plaintiff's breach of contract claims lack merit.  But arguments raised for the first time in a reply

-15-

brief are not considered.[38]   Therefore, the defendants' arguments addressing the merits of the plaintiff's breach of contract claims must be disregarded.

## G.   <u>The FDCPA Claim</u>

The plaintiff claims that U.S. Bank violated the FDCPA by initiating foreclosure before providing the necessary notice of default and by failing to properly credit payments to her account.   The purpose of the FDCPA is to protect consumers from unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.[39]  The defendants seek to dismiss this claim on the basis that the FDCPA applies only to "debt collectors" and U.S. Bank is not a debt collector as that term is defined in the statute.

The term "debt collector," as used in the FDCPA is defined in 15 U.S.C. § 1692a(6).   A debt collector "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."   A lender is not a debt collector under the statute.   Additionally, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned.*"[40]

---

[38]      *United States v. Transocean Deepwater Drilling, Inc.*, 767 F.3d 485, 492 (5th Cir. 2014); *DePree v. Saunders*, 588 F.3d 282, 290 (5th Cir. 2009).

[39]      *Peter v. GC Servs. L.P.*, 310 F.3d 344, 351–52 (5th Cir. 2002).

[40]      *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (emphasis added).

The plaintiff alleges that the mortgage was assigned to U.S. Bank after GMAC sent her a default notice and after U.S. Bank initiated the foreclosure proceeding. It is unclear whether the assignment of the mortgage to U.S. Bank did or did not make U.S. Bank a debt collector. It is arguable, however, that U.S. Bank's filing the state-court foreclosure suit was an attempt to collect a debt owed to another. Accordingly, the defendants failed to prove that U.S. Bank is not a debt collector, and U.S. Bank consequently failed to prove that the FDCPA does not apply to U.S. Bank. There is no basis on which to find that the plaintiff failed to state a valid FDCPA claim.

## H.    The TILA Claim

The purpose of the TILA is to protect consumers from inaccurate and unfair credit practices and to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.[41]  TILA requires that "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation."[42]

---

[41]    *James v. City Home Serv., Inc.*, 712 F.2d 193, 194 (5th Cir. 1983).

[42]    15 U.S.C. § 1641(f)(2).

-17-

The plaintiff alleges that Ocwen violated TILA by failing to disclose, when asked, that it was the servicer of her mortgage loan.  The plaintiff claims that she sent a letter requesting the information on September 16, 2015.  (Rec. Doc. 19-1 at 53-56).  The defendants claim they received a different letter, dated in October 2015, and responded to it.  But the plaintiff made no allegations about the later letter.  At this point in the litigation, this Court must accept as true the plaintiff's allegations that she made a written request in accordance with the statute in September 2015 and Ocwen never responded.  The defendants' contention that they received a different letter and responded to it does not refute the plaintiff's allegations.  Accordingly, there is no basis on which to dismiss this claim.

## I.      **The RESPA Claim**

RESPA was designed to make changes in the settlement process for residential real estate.[43]  Under that statute, a loan servicer has a duty to respond to certain inquiries from borrowers.[44]  The plaintiff alleges that the same September 2015 letter referenced above requested information from Ocwen concerning the accuracy of the mortgage loan account.  She alleges that she received no response and that Ocwen's failure to respond violated RESPA.  In support of their motion to dismiss, the

---

[43]      12 U.S.C. § 2601(b).

[44]      12 U.S.C. § 2605(e).

defendants argued that they provided the requested information but in response to a different letter.   The Court is constrained to accept the plaintiff's allegations concerning the September letter as true.   Accordingly, there is no basis on which to dismiss this claim.

**J.** **The Unjust Enrichment Claim**

The plaintiff contends that U.S. Bank was unjustly enriched when it failed to properly credit her mortgage payments.  The defendants argue that, because her unjust enrichment claim actually arises out of the mortgage contract, it is barred.  Indeed, the unjust enrichment claim duplicates one of the plaintiff's breach of contract claims. More important, an unjust enrichment claim is not available when the plaintiff has an alternative breach of contract claim.

Louisiana Civil Code Article 2298 addresses unjust enrichment, reading in part as follows:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person.  The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law.  The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

Therefore, in order to establish a claim of unjust enrichment, the plaintiff must prove five elements:  (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment or impoverishment, and (5) no other remedy at law.[45]  As one court stated:

> Pursuant to La. Civ. Code art. 2298, unjust enrichment is a subsidiary remedy that is disallowed where the law provides another remedy.  La. Civ. Code art.2298.  The remedy is a gap filler, and it is not available in the case at bar.  See *Walters v. MedSouth Record Management, LLC*, 10-353, p. 2 (La. 6/4/10); 38 So.3d 243, 244 ('Having pled a delictual action, we find plaintiff is precluded from seeking to recover under unjust enrichment.'). . . .  Here, Plaintiffs have a contractual action. . .  The existence of [this] remed[y] defeats their claim for unjust enrichment.[46]

Just as in the cited case, the plaintiff in this case asserted a breach of contract claim concerning the same conduct that she alleges in support of her unjust enrichment claim.  Accordingly, the unjust enrichment claim should be dismissed.

---

[45]     *SMP Sales Mgmt., Inc. v. Fleet Credit Corp.*, 960 F.2d 557, 559-60 (5th Cir. 1992), citing *Edmonston v. A-Second Mortgage Co. of Slidell*, 289 So. 2d 116, 120 (La. 1974).

[46]     *Smith Marine Towing Corp. & KJS Towing, Inc. v. EPL Oil & Gas, Inc.*, No. 15-5492, 2016 WL 1660211, at *5 (E.D. La. Apr. 27, 2016).

**K.**      **The Accord and Satisfaction Claim**

The plaintiff's final claim is that her mortgage debt was compromised in full when Ocwen cashed a $2,000 check that she submitted on December 31, 2015, with accord and satisfaction language typed on the back of it.  The defendants argue that La. R.S. 10:3-311 (U.C.C. § 3-311) requires that, to show a claim has been discharged, a party must prove that (i) a person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument.

The defendants argue that these elements are not satisfied because the payment was made in bad faith.  The defendants did not discuss the Louisiana statute on accord and satisfaction, Civil Code Article 3079, which reads as follows:

> A compromise is also made when the claimant of a disputed or unliquidated claim, regardless of the extent of his claim, accepts a payment that the other party tenders with the clearly expressed written condition that acceptance of the payment will extinguish the obligation.

The defendants also fail to address the rest of the UCC article that have to do with when accord and satisfaction is – and is not – effected.

In particular, they note that the $2,000 payment was made after this lawsuit was filed and while settlement discussions were ongoing but without disclosing the

payment to the defendants' counsel.  To find that this occurred, however, it would be necessary to convert the defendants' motion to dismiss to a motion for summary judgment.  Even if that were done, however, the defendants have not submitted summary-judgment-style evidence supporting the bad faith claim.  The plaintiff attached a copy of the check to the amended complaint.  The check is dated December 31, 2015 and addressed to Ocwen.  But she submitted nothing that would indicate whether she told opposing counsel about the payment.  Her good faith might be a valid subject for a motion for summary judgment, but this issue cannot be resolved at this time on the current record.

The defendants submit a letter rejecting the $2,000 payment.  But it is not authenticated by an affidavit and consequently is not valid summary-judgment-style evidence.  Therefore, there is a dispute as to whether there was or was not a valid accord and satisfaction, but there is no basis for converting the motion to dismiss to a motion for summary judgment.  Therefore, there is no basis for dismissing the plaintiff's accord-and-satisfaction claim at this stage of the litigation.

## Conclusion

For the foregoing reasons, this Court recommends that the defendants' motion to dismiss (Rec. Doc. 22) should be granted in part and denied in part.  More particularly, it is recommended that the motion be granted to the extent that the

plaintiff has failed to state claims on which relief can be granted for declaratory judgment and for unjust enrichment.  In all other respects, it is recommended that the motion be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on June 28, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE