
**RECEIVED**
SEP 15 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MELISSA EDWARDS | CIVIL ACTION NO. 15-2535 |
| VERSUS | JUDGE DOHERTY |
| U.S. BANK NATIONAL ASSOC., ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before the Court is the Motion for Judgment as a Matter of Law [Doc. 33], filed by *pro se* plaintiff Melissa Edwards. Defendants U.S. Bank National Association ("U.S. Bank") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "defendants") filed a Motion for Leave to File Defendants' Response in Opposition to Plaintiff's Motion for Judgment as a Matter of Law [Doc. 40], which is herein GRANTED. Plaintiff filed a Reply to the defendants' opposition brief [Doc. 43]. In her Motion for Judgment as a Matter of Law, the plaintiff seeks judgment on Count 9 of her Amended Complaint, which is discussed in detail hereinbelow.

**I.    Factual and Procedural Background**

The following factual background was set forth in the magistrate judge's Report and Recommendation filed on June 28, 2016 [Doc. 42]:[1]

> On August 18, 2005, Melissa Edwards allegedly borrowed $95,200 from Accredited Home Lenders, Inc., secured by a mortgage on property located at 1534 Martin Luther King Drive, Ville Platte, Louisiana. The mortgage states that the lender is Accredited Home Lenders, Inc. and that the mortgagee is Mortgage Electronic Registration Systems, Inc. GMAC allegedly became the servicer of the loan on or about November 16, 2005, and on January 1, 2010 allegedly notified the

---

[1] The facts contained within the Report are taken from the plaintiff's first amended complaint [Doc. 19].

plaintiff that the loan was in default. The plaintiff attributes the default to GMAC's failure to properly credit payments to her account and to GMAC's charging unowed fees against her monthly mortgage payments.

The plaintiff alleges that on December 28, 2010, defendant US Bank National Association filed suit in the 13th Judicial District Court, Evangeline Parish, Louisiana, seeking to enforce the mortgage and note by executory process. A notice of seizure and sale was issued on February 11, 2011, allegedly without notice to the plaintiff. GMAC then allegedly began discussing the possibility of a loan modification or forbearance with the plaintiff. On July 21, 2011, the note and mortgage were allegedly assigned to defendant US Bank National Association as Trustee.

On August 11, 2011, the plaintiff allegedly entered into a repayment agreement with GMAC, by which timely monthly payments in a certain amount would suspend the foreclosure. The plaintiff claims that she sent the first required payment to GMAC in a timely manner, then sent a subsequent larger payment, which was returned to her, then returned that payment to GMAC, then continued making monthly payments as agreed. She claims to have received a letter in April 2012, advising that her loan modification had been approved. In July 2012, she claims to have received notice from GMAC that it would accept $30,000 to settle her loan account. But GMAC then allegedly filed for bankruptcy and stopped communicating with her.

Thereafter, the plaintiff allegedly began receiving billing statements from defendant Ocwen Loan Servicing, LLC and allegedly received telephone calls from Ocwen advising that she was in default, that Ocwen would not honor the $30,000 settlement offer, that no loan modification agreement existed, and that the plaintiff would have to pay more than $65,000 to reinstate her loan. The plaintiff alleges that she sent a Qualified Written Request ("QWR") to Ocwen in September 2015, which Ocwen never acknowledged or answered. Finally, the plaintiff alleges that she sent a check for $2,000.00 to the defendants on December 31, 2015 along with an offer to settle her loan account for that amount, which was accepted by the defendants and constitutes full and complete settlement of her debt.

Based on these factual allegations, the plaintiff articulated two claims for declaratory relief, two breach of contract claims, a claim under the Fair Debt Collection Practices Act ("FDCPA"), a claim under the Truth in Lending Act ("TILA"), a claim under the Real Estate Settlement Procedures Act ("RESPA"), an unjust enrichment claim, and an accord and satisfaction claim.[2]

Count 9 of the Amended Complaint is plaintiff's "accord and satisfaction" claim, in which

---

[2] *See* Report and Recommendation, Doc. 42, at pp. 1-4.

the plaintiff alleges her mortgage debt was compromised in full when Ocwen cashed the $2,000.00 check that plaintiff submitted on December 31, 2015, with "accord and satisfaction" language typed on the back of the check. Plaintiff alleges that despite cashing her check, the defendants have not removed all liens and encumbrances from the plaintiff's property as stipulated in the settlement agreement and are now indebted to the plaintiff for "about $90,000.00 plus and continue[] to accrue $1,000.00 a day until all liens and encumbrances are removed."

On April 14, 2016, the defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim [Doc. 22] in connection with several of the plaintiff's claims, including the accord and satisfaction claim. In that motion, the defendants argued La. R.S. 10:3-311 (U.C.C. § 3-311) requires that, to show a claim has been discharged, a party must prove: (i) a person in good faith tendered an instrument to the claimant as full satisfaction of the claim; (ii) the amount of the claim was unliquidated or subject to a bona fide dispute; and (iii) the claimant obtained payment of the instrument. The defendants argued these elements are not satisfied because the $2,000.00 payment made by the plaintiff was made in bad faith.

The magistrate judge denied the defendants' motion to dismiss the plaintiff's accord and satisfaction claim, explaining as follows:

> The defendants also fail to address the rest of the UCC article that have to do with when accord and satisfaction is – and is not – effected. In particular, they note that the $2,000 payment was made after this lawsuit was filed and while settlement discussions were ongoing but without disclosing the payment to the defendants' counsel. To find that this occurred, however, it would be necessary to convert the defendants' motion to dismiss to a motion for summary judgment. ***Even if that were done, however, the defendants have not submitted summary-judgment-style evidence supporting the bad faith claim.*** The plaintiff attached a copy of the check to the amended complaint. The check is dated December 31, 2015 and addressed to Ocwen. ***But she submitted nothing that would indicate whether she told opposing counsel about the payment. Her good faith might be a valid subject for a motion***

3

*for summary judgment, but this issue cannot be resolved at this time on the current record.*

The defendants submit a letter rejecting the $2,000 payment. But it is not authenticated by an affidavit and consequently is not valid summary-judgment-style evidence. ***Therefore, there is a dispute as to whether there was or was not a valid accord and satisfaction, but there is no basis for converting the motion to dismiss to a motion for summary judgment. Therefore, there is no basis for dismissing the plaintiff's accord-and-satisfaction claim at this stage of the litigation.***[3]

In the instant motion, plaintiff re-asserts her argument that her settlement offer was clearly written on the check and the defendants accepted the settlement by cashing the check. Ergo, the plaintiff seeks judgment as a matter of law in her favor on her accord and satisfaction claim pursuant to Rule 50 of the Federal Rules of Civil Procedure.

## II. Law and Discussion

Rule 50 of the Federal Rules of Civil Procedure states in relevant part:

(a) Judgment as a Matter of Law.

> (1) In General. ***If a party has been fully heard on an issue during a jury trial*** and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> > (A) resolve the issue against the party; and
> >
> > (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed.R.Civ.P. 50 (emphasis added).

The Rule 50 motion standard is analogous to the motion for summary judgment standard: "[t]he district court properly grants a motion for judgment as a matter of law only if the facts and

---

[3] *See* Doc. 42, at pp. 21-22 (emphasis added).

inferences point so strongly in favor of one party that reasonable minds could not disagree." *Gomez v. St. Jude Medical Daig Div. Inc.*, 442 F.3d 919, 927 (5th Cir. 2006). In ruling on a Rule 50 motion based upon the sufficiency of the evidence, the district court should "consider all of the evidence — not just that evidence which supports the non-mover's case — but in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Info. Commc'n Corp. v. Unisys Corp.*, 181 F.3d 629, 633 (5th Cir.1999), *quoting Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc) (additional citations omitted). In evaluating the Rule 50 motion, the district court cannot assess the credibility of witnesses or weigh the evidence. *Gomez*, 442 F.3d at 927, *citing Reeves v. Sanderson Plumbing Prod.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Pursuant to the express language of Rule 50, a Rule 50(a) motion is presented <u>at the close of a party's evidence</u>. Thus, <u>once a party has been fully heard during a jury trial</u>, Rule 50 permits a court to evaluate whether a reasonable jury would have a legally sufficient evidentiary basis to find for that party. A Rule 50(a) motion seeking judgment as a matter of law is the proper procedural mechanism by which a party presents a challenge to the <u>legal sufficiency of all evidence presented at trial</u>.

In the instant case, the plaintiff seeks judgment as a matter of law prior to trial, and indeed, prior to discovery. In short, as the magistrate judge noted, there has been no evidence presented to the Court on the issues related to the plaintiff's accord and satisfaction claim, and therefore, this Court cannot assess the sufficiency of the evidence -- whatever that evidence may be – with respect to that claim. The instant motion is, therefore, premature. The plaintiff is free to resubmit the motion – in the proper procedural form – prior to the deadline for doing so in this case.

Considering the foregoing, Motion for Judgment as a Matter of Law [Doc. 33] is DENIED AND DISMISSED as premature.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___15___ day of September, 2016.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE